[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10206
Non-Argument Calendar
_____

D. C. Docket No. 05-00234-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULINO SOLIMAN ARROYO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 30, 2006)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Paulino Soliman Arroyo appeals the 135-month sentences imposed

following his conviction for possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii).

Arroyo argues that the district court erred in denying him a minor-role reduction under U.S.S.G. § 3B1.2(b). Arroyo contends that his role as a mere crew member was minor compared to that of the major transporters and owners of the drugs. He asserts that he was simply a "mule" who was limited to transporting the drugs, and had no decision-making power or input regarding the planning, supplying, or destination of the drugs.

We review for clear error a district court's factual determination of a defendant's role in the offense. United States v. De Varon , 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment n.5. The defendant bears the burden of proving a minor role in the offense by a preponderance of the evidence. De Varon,

175 F.3d at 939.

To evaluate whether a defendant's role was minor, a court must engage in a two-step analysis. First, the court must measure "defendant's role in the relevant conduct for which [he] has been held accountable at sentencing." Id. at 940. Where the relevant conduct is the same as a defendant's actual conduct, the defendant cannot establish that he is "entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. In a drug courier-context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943. The quantity of drugs in the courier's possession may be a good indication of the defendant's role in the offense. Id. Second, the court should consider the defendant's "role as compared to that of other participants in [his] relevant conduct." Id. at 944.

In denying Arroyo a minor-role reduction, the district court found that Arroyo's role was comparable to that of the others named in the conspiracy. Arroyo was one of four crew members of a go-fast boat that was stopped outside of the territorial waters of Colombia and was found carrying approximately 4650 pounds of cocaine. Although the district court did not hold Arroyo accountable for the larger conspiracy, Arroyo provided no evidence that distinguished his

culpability from that of his fellow crew members.

Upon consideration of the briefs of the parties, and thorough review of the record, we cannot find that the district court's determinations were clearly erroneous. The record supports the district court's findings that the conduct attributed to Arroyo was identical to his actual conduct and that he was not substantially less culpable than the other crew members on the go-fast boat. Arroyo was held accountable for the quantity of cocaine found on his boat. Furthermore, the amount of drugs involved in this case indicates that Arroyo's role as a crew member was not minor. The district court did not clearly err in denying Arroyo a minor-role reduction.

**AFFIRMED.**